DORIS K. BOND, as Administratrix of the Estate of HARRY A. BOND, Deceased, Appellant, *v.* SCHENECTADY RAILWAY COMPANY, Respondent.

(Argued June 11, 1929; decided July 11, 1929.)

*George B. Smith* for appellant. Defendant was negligent. (*Mullen* v. *Schenectady Ry. Co.*, 214 N. Y. 300.) Decedent was not guilty of contributory negligence. (*Buhrens* v. *Dry Dock, E. B. & B. R. Co.*, 53 Hun, 571; 125 N. Y. 702; *Baker* v. *Close*, 204 N. Y. 92; *Edelstein* v. *Coney Island & B. R. R. Co.*, 226 N. Y. 168; *Sesselmann* v. *Metropolitan Street R. Co.*, 76 App. Div. 336; *Kentfield* v. *N. Y. C. R. R. Co.*, 205 App. Div. 540.) Decedent acted as a reasonably prudent man would. (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 117 N. Y. 224; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 366; *Judson* v. *Central Vermont R. R. Co.*, 158 N. Y. 605; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72; *Fowler* v. *International Ry. Co.*, 217 App. Div. 537; 244 N. Y. 592.)

*Daniel Naylon* for respondent. The testimony presented a proper case for a nonsuit and dismissal of the complaint by the court, on the ground that the plaintiff's intestate was guilty of contributory negligence. (*Cassidy* v. *F., J. & G. R. R. Co.*, 200 App. Div. 241; 234 N. Y. 599; *Barry* v. *Rutland R. R. Co.*, 203 App. Div. 287; 236 N. Y. 549; *Barnasky* v. *N. Y., O. & W. R. Co.*, 226 N. Y. 435; *Keller* v. *Erie Railroad Co.*, 183 N. Y. 67; *Raymer* v. *Rutland Railroad Co.*, 204 App. Div. 135; *Turnier* v. *N. Y. C. R. R. Co.*, 207 N. Y. Supp. 316.) Defendant was not negligent. (*Miller* v. *Schenectady Railway Co.*, 246 N. Y. 650.)

CRANE, J.  The deceased, Harry Austin Bond, was driving a Buick car along the Albany-Schenectady road, when in turning to cross defendant's tracks he was struck by a car and killed.  The crossing was known as Aussicker Crossing, located just east of Stop 15.  This main highway and the railroad parallel each other for many miles; in fact, the railroad is in the highway.  The macadam or traveled portion used by vehicles is only about eleven feet from the nearest rail of the tracks.  The car which Bond was driving was a new Buick.  As he slowed down, it was noticed by the witnesses that he was proceeding slowly over the crossing.  How near he got to the rails is not stated by the plaintiff's witnesses, but when they saw him on the Aussicker Crossing, his car was in motion. When we consider that having turned into the Aussicker Crossing, there were only eleven feet between the highway and the track, the automobile, almost that number of feet in length, must have been very near to the rail.  At that time it was in motion, and the trolley car, 1,700 feet, about, to the east, approaching at 55 or 60 miles an hour. There was a collision, and Bond was killed.  Witnesses heard continuous signals from the trolley car; they say there was no slackening of its speed; that it went a considerable distance after the collision.  To approach these numerous crossings on the Schenectady-Albany road at 55 miles an hour, with an automobile attempting to cross the tracks 1,000 or 1,500 feet ahead, without slackening the speed of the trolley, is in itself some evidence of negligence.

As to contributory negligence, the burden was upon the defendant to both plead and prove it, under section 131 of the Decedent Estate Law (Cons. Laws, ch. 13). This the motorman attempted to prove by stating that he first saw the car turning in toward the north-bound rail when he was 150 feet from the crossing.  He says the car stopped within two feet of the rail and then suddenly gave a lurch ahead directly in front of his car.

Robillard, the motorman, was an interested witness; his testimony is contradicted by the witnesses for the plaintiff, who say that the trolley was 1,500 feet or more away from the automobile when it was in, or turning in to, the Aussicker Crossing.

Again, it may be questionable how the automobile, turning into the crossing when the trolley was 150 feet away, going at 55 miles an hour, could approach within two feet of the track, stop, and then plunge forward. The trolley was going fast, the automobile slow, and the reasonableness of the motorman's story as to the happening of the accident required, in our judgment, the submission of this case to the jury. The verdict in favor of the plaintiff should not have been set aside. Negligence and contributory negligence, in our view of the case, were questions of fact to be determined by the jury. The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., dissents.

Judgments reversed, etc.